Mr. Justice Humphreys
delivered the opinion of the court:
The court at the special term dismissed the bill, from which decree complainants appealed.
The Patent-Office had granted a patent to both parties for new and useful improvements in “ paper-files,” determining that each application had a patentable quality, and that there was no interference.
Complainants afterward filed the bill in this case, alleging an infringement, and asking an injunction. The court at the special term came to the conclusion that there was no infringement, and as a written opinion by Justice Humphreys was then filed, we content ourselves now by an affirmance of the decree at special term, substantially for the reasons stated in that opinion. It was expressed in the following language:
In this case the complainant files a bill against the defendant, alleging therein an infringement by the defendant of the *460 complainant’s rights under a certain patent, and asking for an injunction. It alleges that letters-patent were issued to the complainant for a certain invention for filing and holding papers; and that the defendant has infringed upon the rights of complainant under said patent, by making and selling a like machine. All which allegations are denied by the defendant.
The evidence shows that the application of the complainant for a patent was filed January 6, 1868; and that the defendant filed an application for letters-patent for his machine January 7,1868. That a patent was issued to defendant on the 31st March, 1868, and subsequently, on the 14th of April, 1868, a further patent was issued for further improvements; and that on that day the complainant’s patent was issued, and that complainant’s patent was afterward surrendered, and a re-issue of the same made on the 9th day of April, 1872, for alleged infringement of which this suit is brought. But it is not claimed that these dates make any difference now as to the question in controversy.
The Patent-Office decided that there was no infringement, or conflict, between the two claims, and, so deciding, issued a patent to each party. It is here claimed by the complainant that that decision is erroneous; and the question now is whether-the defendant’s patent is an infringement upon the complainant’s rights under his patent. The patent itself is made by law primafacie evidence that everything that was necessary to have been done in the Office before the same could issue has been done; and that principiéis carried even further than 1 at first thought a prima-facie case would go. But it is in the language of a reported case that I prefer to state this principle rather than in my own words.
In Potter & Wheeler vs. Holland (1 Fisher’s Patent Cases) this principle is clearly stated. I have looked at the text, and it fully authorizes the head-note, which is short and which I will read:
"The patent is primafacie evidence that the several grants of right contained in it are valid; that the several things, methods, and devices contained in it are new; that they were useful; that they required invention; and that they were the invention of the patentee. And this primafacie *461 evidence must have full effect unless it is rebutted by sufficient countervailing evidence.”
Now, that is the extent to which the prima-facie evidence of the patent goes — it purports to be issued after everything required to be done has been done. Now, here are tico patents, and the question more particularly involved is whether or not the Patent-Office decided correctly in deciding that there was no conflict between the two machines. The one patent is of as much force as the other; and the main question at present is whether the decision of the Patent-Office, that there was no conflict between the two, is correct. I have come to the conclusion that the Office decided correctly.
In the case of Gould vs. Rees (15 Wallace, 187) the court says:
“ Patentable inventions may consist entirely in a new combination of old ingredients whereby a new and useful result is obtained; and in such cases the description of the invention is sufficient if the ingredients are named, the mode of operation given, and the new and useful result is pointed out, so that those skilled in the art and the public may know the nature and extent of the claim, and what the parts are which co-operate to produce the described new and useful result.
“Damages are claimed by the plaintiff for the alleged infringement of certain letters-patent, and he instituted'for that purpose an action of trespass on the case against the defendant to recover compensation for the alleged injury.”
Here in this case the bill is filed seeking an injunction against the defendant for the alleged infringement. The court there further says that—
“ Where the defendant, in constructing his machine, omits, entirely one of the ingredients of the plaintiff’s combination without substituting any other, he does not infringe; and if he substitutes another in the place of the one omitted, which is new, or which performs a substantially different function, or if it is old but was not known at the date of the plaintiff’s invention as a proper substitute for- the omitted ingredient, then he does not infringe.”
Now, it is held that the principle in the two paper-files here *462 is the same; but the principle is not what was patented, but the mode of operation and construction of the machines. The defendant’s machine holds the papers more securely than the complainant’s, and it is decided in Singer vs. Walmsley (1 Fisher’s Patent Cases, p. 558) that—
“If the result of the mechanism used by the defendants is greatly superior to that described and claimed by the patentee, this fact may be considered by a jury as tending to prove that the mechanism of the defendant is a new invention substantially different from that described by plaintiff.’’
It is in evidence fully in this case that the defendant’s machine has supplanted entirely that of the complainants, and the court is greatly relieved, and will be so all the way up to the court of last resort, by the presumptions in favor of the finding by the Office, to which is intrusted the determination of the question of patents and of conflicting claims therefor. I am not disposed to interfere with that finding; and if there is no infringement there could be no interference.
The decree will be that this cause coming on to be heard, being argued by counsel, and on due consideration, it is ordered, adjudged, and decreed that the complainant’s bill be dismissed.